**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-00196-001-TUC-DCB (BPV) |
| Plaintiff, | **ORDER** |
| v. | |
| Brenden William Vermilyea, | |
| Defendant. | |

The Defendant was convicted of possession of a firearm and ammunition by a convicted felon and making false statements in connection with the purchase of firearms. The Court sentenced him to approximately 36 months in prison and three years of supervised release. The Government has not returned the evidence supporting these convictions to the Defendant, which included approximately 22 guns, including 12 semi-automatic rifles, and ammunition. The Defendant seeks return of this property. Fed. R. Crim. P. Rule 41(g). These weapons were seized pursuant to a search warrant executed at the home where he resided with his wife. The Government agrees that these guns are no longer held as evidence.

The Government objects to release of property to the Defendant for several reasons, with the primary concern being that these guns should not be returned to him because he is a convicted felon prohibited from possessing them. The Government also notes that the Defendant fails to establish his ownership of the guns and some of the guns seized were registered to other individuals. In the Response, the Government asked this Court to ensure

that the guns, if returned, would not be accessible to the Defendant. The Defendant has filed a Reply.

After a full review of the record, the Court questions the reasonableness of the continued retention of the guns to which the Defendant can establish ownership, if they are released to a federal firearms dealer. In the Reply, the Defendant argues that there is no gun-registration requirement in Arizona, therefore, such registration is not available to establish his ownership of any weapon. He asserts that ATF-trace information shows any record of a gun sale to the Defendant from a licensed FFL dealer. If true, the Government shall return the guns where ATF-trace information establishes the Defendant's ownership. The Defendant is only entitled to the return of his property, regardless, of the difficulty he may have in establishing ownership. In the Reply, the Defendant assures the Court that he will have no access to the guns, if returned, because they may be released to a licensed firearms dealer to be sold, with the proceeds being released to him.

**Accordingly,**

**IT IS ORDERD** that the Motion for Return of Property (Doc. 134) IS GRANTED IN PART AND DENIED IN PART.

**IT IS FURTHER ORDERED** that if Defendant's ownership can be established by an ATF-trace sale of a gun from a licensed FFL dealer to the Defendant, that gun shall be returned to the Defendant by releasing it to a representative of B&W Tactical (602) 810-6764) 3887 N. Pine Road, Pine, AZ 85544, to be sold, with the proceeds to be returned to the Defendant, and costs for such services to be deducted by B&W Tactical.

Dated this 29th day of November, 2022.



Honorable David C. Bury
United States District Judge